UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAVID HICKEY                                                                                    PETITIONER
Reg #02720-122

V.                               Case No. 4:23-CV-00644-BBM

DEXTER PAYNE                                                                                  RESPONDENT

## MEMORANDUM AND ORDER[1]

### I.   INTRODUCTION

On July 12, 2023, David Hickey ("Hickey"), an Arkansas state prisoner currently housed at the United States Penitentiary-Lee ("USP-Lee") in Pennington Gap, Virginia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[2] (Doc. 1). On September 21, 2023, Hickey filed an Amended Petition. (Doc. 5). Because Hickey's Petition is time barred under the 28 U.S.C. § 2244(d)(1)(A) one-year statute of limitations, the Court will dismiss Hickey's Petition and the amendments thereto, with prejudice.

### II.   BACKGROUND

On January 16, 2002—over two decades ago—Hickey was convicted of aggravated robbery (habitual offender) and first-degree battery.[3] *See* Sentences, *State of Arkansas v.*

---

[1] On December 14, 2023, United States District Judge James M. Moody Jr. signed a Reference Order, allowing a United States Magistrate Judge to exercise jurisdiction over this case based on the consent of the parties to a Magistrate Judge's authority. (Doc. 12).

[2] Hickey is in Arkansas state custody pursuant to an Arkansas state court judgment; however, the Arkansas Division of Correction ("ADC") transferred him to the Bureau of Prisons. For more information, *see* Doc. 3, Order dated August 24, 2023.

[3] Because Arkansas state court records are publicly available on the Arkansas Judiciary's CourtConnect website: https://caseinfo.arcourts.gov/opad (last visited Feb. 15, 2024), the Court takes judicial notice of the relevant records it has accessed using that website.

*David Hickey*, Pulaski County Court Case No. 60CR-01-1748; (Doc. 10-2 at 5). On the same day, Hickey received a prison sentence of 960 months. *Id.*

Subsequently, Hickey appealed to the Arkansas Court of Appeals. Hickey alleged on appeal that the trial court improperly denied a motion to suppress certain evidence. *Hickey v. State*, No. CR-02-520, 2003 WL 840971, at *1 (Mar. 5, 2003) (unpublished). On March 5, 2003, the Arkansas Court of Appeals affirmed Hickey's convictions. *Id*. Hickey did not seek review from the Arkansas Supreme Court. Accordingly, on March 25, 2003, the Court of Appeals issued its Mandate. *See* Mandate, *State of Arkansas v. David Hickey,* Arkansas Court of Appeals Case No. CR-02-520 (filed Mar. 25, 2003).

After his direct appeal concluded, Hickey initiated postconviction proceedings. Although it is unclear *when* Hickey filed his postconviction petition pursuant to Arkansas Rule of Criminal Procedure 37, the trial court held a hearing on the petition on March 15, 2004. On March 24, 2004, the trial court entered an Order denying Hickey's Rule 37 Motion. *See* Order Denying Relief Pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure, *State of Arkansas v. David Hickey,* Pulaski County Circuit Court Case No. 60CR-01-1748 (filed Mar. 24, 2004). Hickey did not appeal this Order, and his time for doing so expired thirty days later, on April 23, 2004. *See* Ark. R. App. P. Crim. 2(a) (stating notice of appeal must be filed within 30 days of the date of entry of an order denying a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37).

Nearly twenty years later*,* on July 12, 2023, Hickey initiated this federal habeas action. (Doc. 1). After the Court instructed Hickey to fill out and sign the Form AO-241 § 2254 Petition for Writ of Habeas Corpus, Hickey filed an Amended Petition on

2

September 21, 2023 (Doc. 5), which contains two separate documents: (1) a Form AO-241 § 2254 Petition for Writ of Habeas Corpus; and (2) a Memorandum in support of his Amended Petition.[4] Hickey's Form AO-241 lists "actual innocence" as the only ground for habeas relief, while his Memorandum focuses on actual innocence alongside six distinct habeas claims, summarized below:

(1) Hickey's trial counsel was ineffective because he failed to request a jury instruction on "unlawful display of a weapon," a lesser included offense of Aggravated Robbery.

(2) Hickey's trial counsel was ineffective because he failed to move for an acquittal based on insufficiency of the evidence.

(3) Hickey's trial counsel was ineffective because he failed to object to an unconstitutional charge "on the key issue of whether Mr. Hickey had the intent to cause physical injury by employing physical force upon the alleged victim."

(4) Hickey's trial counsel was ineffective because he failed to object to a jury instruction that omitted the *mens rea* element of the charged offenses.

(5) Trial counsel violated Hickey's Sixth Amendment right to counsel during closing argument by failing to move for a directed verdict.

(6) The trial court violated Hickey's Fifth and Sixth Amendment rights when it imposed a 960-month sentence based on factual findings found by a preponderance of the evidence.

(Doc. 5 at 5–6).

---

[4] Hickey's Memorandum is titled "Defendant's Actual Innocence Motion and Clear Showing of a Fundamental Miscarriage of Justice/Ineffective Assistance of Counsel, File His Motion to Vacate, Set Aside, or Correct Sentence, or Conduct a New Trial Pursuant to Rule 37." Substantively, it appears that Hickey's Memorandum is a Rule 37 Motion repackaged as a habeas filing but not relabeled. Because Hickey's claims are untimely, the Court will not analyze the substance of Hickey's claims. However, the Court will analyze whether the actual innocence exception saves Hickey's time-barred Petition.

3

On November 9, 2023, Respondent Dexter Payne filed a Response to Hickey's Amended Petition, requesting dismissal because the Petition is time barred or, alternatively, procedurally defaulted. (Doc. 10). Hickey did not file a Reply, and the time to do so has passed. LOCAL RULE 7.2(b).

For the reasons explained below, the one-year statute of limitations contained in § 2244(d)(1) bars all of Hickey's habeas claims. Accordingly, Hickey's Petition and amendments thereto will be dismissed with prejudice.[5]

## III. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This statute of limitations runs from the latest of:

(A) the date on which the judgment became final by the conclusion of a direct review or the expiration of the time for seeking such a review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[5] Because Hickey's claims are untimely, the Court need not address Respondent's alternative argument that Hickey's claims are procedurally defaulted.

4

*Id.* at (d)(1)(A)—(D). For most habeas cases, including this one, the limitations period begins to run from the later of, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review."[6] *Id.*

The Arkansas Court of Appeals decided Hickey's direct appeal on March 5, 2003, and his time to seek review of the decision by the Arkansas Supreme Court expired nineteen days later, on Monday, March 24, 2003. *See* Ark. Sup. Ct. R. 2-4(a) (Lexis+ 2017).[7] Hickey did not seek review from the Arkansas Supreme Court. Therefore, the one-year federal statute of limitations began to run on March 25, 2003, the day after the time expired for Hickey to seek review from the Arkansas Supreme Court on the Arkansas Court of Appeals' affirmance of his convictions on direct appeal. *See Gonzalez v. Thaler*, 565

---

[6] Hickey claims that § 2244(d)(1)(D) applies to his sentence. Hickey presents no argument or evidence, however, that § 2244(d)(1)(D) applies. Without more, the Court cannot apply the § 2244(d)(1)(D) trigger date to Hickey's claims. Additionally, Hickey offers no argument that either: (1) an impediment to filing, or (2) a newly recognized constitutional right, made retroactive by the Supreme Court, applies in his case. § 2244(d)(1)(B)–(C). The Court will not analyze those provisions, either.

[7] During the relevant time period, Rule 2-4(a) of the Rules of the Supreme Court and the Court of Appeals of the State of Arkansas read:

> A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within *18* calendar days from the date of the decision regardless of whether a petition for rehearing is filed with the Court of Appeals.

Ark. Sup. Ct. R. 2-4(a) (Lexis+ 2017) (emphasis added). Eighteen days from March 5, 2003, was Sunday, March 23, 2003. When the last day for filing a petition for review "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day." Ark. R. App. P. Crim. 17. For decisions issued on or after July 1, 2019, the Rule has been modified:

> A petition to the Supreme Court for review of a decision of the Court of Appeals must be electronically filed within 10 calendar days after the end of the Court of Appeals rehearing period.

Ark. Sup. Ct. R. 2-4(a) (Lexis+ 2019).

5

U.S. 134, 137 (2012) (holding the judgment becomes "final" on the date that the time for seeking review expires). Hickey had one year from March 24, 2003, to initiate this habeas action. Because he did not file his Petition until July 12, 2023, it is now time barred unless the Court determines that statutory or equitable tolling extended the one-year limitations period.

### B. Tolling

#### 1. Statutory Tolling

The AEDPA provides for statutory tolling during the pendency of a "properly filed application for State postconviction or other collateral review." 28 U.S.C. § 2244(d)(2). It is undisputed that Hickey applied for State postconviction relief in a Rule 37 Petition. From the trial court and postconviction docket, it is unclear *when* Hickey filed his Rule 37 Petition. However, after the postconviction court held a hearing on the Petition, the court entered an Order denying Hickey's Rule 37 Petition on March 24, 2004. Hickey did not appeal this Order, and his time for doing so expired thirty days later on April 23, 2004. *See* Ark. R. App. P. Crim. 2(a) (stating notice of appeal must be filed within 30 days from date of entry of judgment).

For the purposes of this analysis, the Court will assume that Hickey filed his Rule 37 Petition the day after his judgment became final—March 25, 2003. Thus, the period of limitations was tolled from March 25, 2003, through the date the postconviction court entered the Order denying Hickey's Rule 37 Petition—March 24, 2004—and extended an additional 30 days, until the time expired for appealing the denial of his Rule 37 Petition to the Arkansas Supreme Court. *See* Ark. R. App. P. Crim. 2(a) (noting appeal of denial of

6

Rule 37 post-conviction petition must be filed within thirty days of entry of order of denial). In total, the period of limitations was tolled from March 25, 2003, until April 23, 2004. Because the one-year limitations period resumed in April of 2004, even if the Court grants Hickey the factual benefit of the doubt, Hickey's Petition is still untimely by *nearly twenty years*. Accordingly, after crediting Hickey with all applicable statutory tolling, his habeas Petition is still untimely under § 2244(d)(1).

### 2. Equitable Tolling

The limitations period may be equitably tolled if a habeas petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). It is Hickey's burden to prove he is entitled to this "exceedingly narrow window of relief." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Hickey does not argue or even address whether he is entitled to equitable tolling. The record lacks *any* evidence on this point. Accordingly, the Court finds that Hickey is not entitled to equitable tolling. In sum, neither statutory nor equitable tolling save Hickey's untimely Petition.

### C. Actual-Innocence Exception

Hickey's Memorandum includes a vague assertion of actual innocence. Specifically, Hickey refers to the trial court's failure to adequately instruct the jury with respect to *mens rea* as an "actual innocence" issue. (Doc. 5 at 22–25). In Hickey's case, however, an assertion of actual innocence does not save his untimely Petition.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the AEDPA statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Nevertheless, to advance a tenable actual-innocence claim, a petitioner must meet the following standard:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). Importantly, the actual-innocence exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 395 (quoting *Schlup,* 513 U.S. at 329). And "[t]he actual innocence exception is concerned with claims of *actual*, not *legal*, innocence." *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996) (emphasis added) (citing *Anderson v. United States*, 25 F.3d 704, 704 (8th Cir. 1994)). To demonstrate actual innocence, a petitioner must produce evidence such as "credible declarations of guilt by another," "trustworthy eyewitness accounts," or "exculpatory scientific evidence." *Id.* at 350–51 (internal citations omitted). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316.

Hickey has alleged no "new reliable evidence," and there is no indication of any such evidence in the record. Instead, Hickey's actual innocence argument appears to be a legal innocence argument. Suffice it to say, his Petition fails to present any cognizable reason why the actual-innocence exception applies in this case. Accordingly, on this record, Hickey cannot rely on the actual-innocence exception to overcome the expiration of the statute of limitations. *Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (holding when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis.").

### D. Hickey's Motion to Stay the Proceedings

On February 22, 2024, Hickey filed a Motion to Stay the Proceedings in this case. (Doc. 15). Because Hickey's Petition is time barred and must be dismissed, Hickey's Motion to Stay this habeas proceeding is denied as moot. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005) (holding stay can apply only to timely filed petition containing exhausted and unexhausted claims); *Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009) ("Because the stay-and-abeyance procedure for mixed habeas petitions is limited to *timely* petitions . . . our conclusion that [the petitioner's] petition was untimely renders the stay-and-abeyance issue moot.") (emphasis added) (citing *Rhines*, 544 U.S. at 275).[8]

---

[8] Hickey's Motion also mentions that "during this 180 day temporary stay . . . he will perfect an adequate response to the government reply brief." (Doc. 15 at 2). To the extent Hickey is requesting an extension of time to file a reply, this is denied. The Court previously granted Hickey a 60-day extension of time to file a reply. (Doc. 13). Moreover, Hickey's request for an extension of time to file a reply is predicated on the 180-day stay the court will not grant. Accordingly, Hickey has not shown "good cause" warranting an extension.

## IV. CERTIFICATE OF APPEALABILITY

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. RULE 11, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. The Court can issue a certificate of appealability only if Hickey has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)–(2). In this case, Hickey has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability is denied.

## V. CONCLUSION

Hickey filed his Petition outside the AEDPA's one-year statute of limitations. Because Hickey is not entitled to statutory or equitable tolling, and the actual-innocence exception does not apply, Hickey's claims are time barred.

IT IS THEREFORE ORDERED THAT:

1. Hickey's Petition for Writ of Habeas Corpus and amendments thereto (Docs. 1, 5) are DISMISSED, with prejudice, as time barred.

2. A certificate of appealability is DENIED.

3. Hickey's Motion to Stay the Proceedings (Doc. 15) is DENIED as moot.

SO ORDERED this 1st day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE